| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT<br>Type of Case: Personal Injury |
| Scott Christopher Bilicki<br>and Amy Bilicki,<br><br>              Plaintiffs,<br><br>vs.<br><br>Thomas Andrew Noonkesser, Chris Noonkesser,<br>Erik Bilicki, Genesis Ranch Limited Liability<br>Company,<br><br>              Defendants. | **SUMMONS** |

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    2.    **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Milavetz Law, P.A., 1915 57th Avenue North, Brooklyn Center, MN 55430.

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THE SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

    5.    **LEGAL ASSISTANCE:** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written**

**Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**MILAVETZ LAW, P.A.**

Dated: Feb 10, 2025

Alan S. Milavetz, Esq., #0164677
Daniel E. Milavetz Esq., #0399760
Attorneys for Plaintiffs
1915 57th Avenue North
Brooklyn Center, MN 55430
Telephone: (763) 560-0000
Facsimile: (763) 566-0211
amilavetz@milavetzlaw.com
dmilavetz@milavetzlaw.com

STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF DAKOTA           FIRST JUDICIAL DISTRICT
Type of Case: Personal Injury

Scott Christopher Bilicki
and Amy Bilicki,

        Plaintiffs,                 **COMPLAINT**

vs.

Thomas Andrew Noonkesser, Chris Noonkesser, Erik Bilicki, Genesis Ranch Limited Liability Company,

        Defendants.

Plaintiffs, for their causes of action against Defendants herein, state and allege that:

1. At all times relevant herein, Plaintiffs resided in Winston-Salem, North Carolina.

2. Upon information and belief, Defendant Genesis Ranch Limited Liability Company (hereinafter "Genesis") is, and at all times relevant herein was, an active Limited Liability Company in the State of Minnesota and operated an entertainment venue at its principal place of business located at 13158 Aulden Ave, Dakota County, Minnesota.

3. Upon information and belief, Defendant Genesis was granted liquor and business licenses that were issued by the State of Minnesota.

4. Upon information and belief, Defendants Thomas Andrew Noonkesser, Erik Bilicki, and Chris Noonkesser resided in the city of Rosemount, County of Dakota, State of Minnesota.

5. Plaintiff Scott Bilicki was attending his brother Erik Bilicki's wedding, and Plaintiff was an invited guest lawfully inside Genesis at or about 11:00 p.m. on September 30, 2023.

6. At approximately 11:00 p.m., Plaintiff was assaulted by Defendant Thomas Noonkesser. who had been illegally served alcohol throughout the day. Defendant Genesis knowingly permitted Defendant Erik Bilicki and Chris Noonkesser to ignore its policy requiring licensed bartenders and permitted large metal buckets of liquor for the guests to self-serve, unattended, at the wedding. Defendant Thomas Noonkesser was obviously intoxicated. Defendant Genesis was required to have a police officer on scene. There was no protection on site to protect Plaintiff from being assaulted by Noonkesser.

7. As a direct result of the actions, inactions, and statutory violations of Genesis and conduct of each of the Defendants, Plaintiff sustained serious injury including, but not limited to, a collapsed lung, fractured nose, strangulation, bruising and damage to his neck, injuries to his leg, ribs, a concussion, resulting in, among other things, in Plaintiff being hospitalized for three days.

## COUNT I.
## BATTERY

8. Plaintiff restates and incorporates all of the preceding paragraphs as though fully set forth herein.

9. Defendant Thomas Noonkesser intended to and did cause a harmful and offensive contact with Plaintiff's person.

10. The attack on Plaintiff by Thomas Noonkesser was unprovoked and unjustified. Plaintiff did not present a threat of imminent bodily harm to Thomas Noonkesser or anyone else at the wedding, and did nothing to justify the sudden, unprovoked, and vicious attack by Defendant Thomas Noonkesser

## COUNT II.
## ASSAULT

11. Plaintiff restates and incorporates all preceding paragraphs as though fully set forth herein.

12. Defendant Thomas Noonkesser intended to and did cause Plaintiff to suffer a reasonable apprehension or fear of an immediate harmful and offensive contact.

## COUNT III.
## NEGLIGENT SUPERVISION BY GENESIS

13. Plaintiff restates and incorporates all preceding paragraphs as though fully set forth herein.

14. Genesis was negligent by not following their policy of hiring staff including bartenders and instead chose to permit the use of large buckets of liquor for guest self-service, which were left unattended. Genesis had no staff who were able or willing to ID an underage guest such as an 18-year-old, and prevent him or her from drinking intoxicating beverages at the venue.

15. Genesis was negligent in failing to hire security personnel, or properly train and supervise its own security personnel.

16. At all times relevant herein, Genesis negligently permitted its employees to ignore and otherwise not enforce the liquor laws of the State of Minnesota.

17. As a result of the negligent and inadequate training and supervision by Genesis, Defendant Thomas Noonkesser was illegally served alcohol and assaulted Plaintiff.

## COUNT IV.
## NEGLIGENT FAILURE TO MAINTAIN SAFE PREMISES

18. Plaintiff restates and incorporates all preceding paragraphs as though fully set forth herein.

19. Genesis owed a duty of care to Plaintiff and other patrons to maintain peaceful, safe, and orderly premises.

20. On September 30, 2023, Gensis breached its duty of care by negligently failing to supervise its employees, control the premises safely, and adequately train its employees, and otherwise keep the peace on its premises, while negligently allowing Plaintiff to be approached, threatened, assaulted, battered, and injured by an intoxicated 18-year-old Noonkesser.

## COUNT V.
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

21. Plaintiff restates and incorporates all preceding paragraphs as though fully set forth herein.

22. At all times relevant herein, Genesis employees acted within the course and scope of their employment with Genesis.

23. At all times relevant herein, the assault and battery upon the Plaintiff by Defendant Noonkesser was foreseeable to Genesis and its employees.

24. At all times relevant herein, the negligent acts, including unjustified use of force, excessive use of force, and failure to ID underage individuals, or have effective security, were foreseeable to Genesis.

25. Defendant Genesis is vicariously liable for the intentional and negligent acts of its bartender's employees and security, under the common-law doctrine of Respondeat Superior.

## COUNT VI.

## DRAM SHOP M.S. SECTION 340A.801

26. Plaintiff, for his Sixth cause of action, fully realleges and incorporates Paragraphs 1 through 25 of this Complaint.

27. That as a direct and proximate result of the illegal sale and provision of intoxicating beverages as defined by Mn. Statute 340A.801 by Defendant Genesis to 18-year-old Defendant Noonkesser which caused the intoxication of Defendant Noonkesser, Plaintiff has sustained damages, pecuniary and otherwise, to his person.

## COUNT VII.

## NEGLIGENCE PER SE

28. Plaintiff, for his Sixth cause of action, fully realleges and incorporates Paragraphs 1 through 27 of this Complaint.

29. That Defendant Genesis violated Rosemount City Code by allowing unattended buckets of liquor. Under Rosemount city code, **7-9-3: PROHIBITED ACTS:**

A. It is unlawful for any person(s) to: Host or allow an event or gathering at any residence, premises, or on any other private or public property where alcohol or alcoholic beverages are present when the person knows that an underage person will or does: 1) consume any alcohol or alcoholic beverage, or 2) possess any alcohol or alcoholic beverage with the intent to consume it; **and the person fails to take reasonable steps to prevent possession or consumption by the underage person(s).**

30. That as a direct and proximate result of the illegal sale and provision of intoxicating beverages to 18-year-old Defendant Noonkesser which caused the intoxication of Defendant Noonkesser, Plaintiff has sustained damages, pecuniary and otherwise, to his person.

31. That Defendants Genesis, Chris Noonkesser, and Erik Bilicki permitted Thomas Noonkesser to drink intoxicating alcoholic beverages at the wedding, under the supervision or lack thereof, of Genesis.

32. That Defendants had control over the premises and, being in a reasonable position to prevent the consumption of alcoholic beverages by Defendant Thomas Noonkesser, knowingly or recklessly permitted that consumption and the consumption caused the intoxication of that person or sold, bartered, furnished or gave to, or purchased for a person under the age of 21 years alcoholic beverages that caused the intoxication of that person.

(1) had control over the premises and, being in a reasonable position to prevent the consumption of alcoholic beverages by that person, knowingly or recklessly permitted that consumption and the consumption caused the intoxication of that person; or

(2) sold, bartered, furnished or gave to, or purchased for a person under the age of 21 years alcoholic beverages that caused the intoxication of that person.

33. That as a direct and proximate result of the illegal sale and provision of intoxicating beverages to 18-year-old Defendant Noonkesser which caused the intoxication of Defendant Noonkesser, Plaintiff has sustained damages, pecuniary and otherwise, to his person.

## COUNT VIII

## LOSS OF CONSORTIUM

Plaintiffs, for their eighth cause of action, fully reallege and incorporate Paragraphs 1 through 33 of this Complaint.

34. That as a direct and proximate result of the injuries sustained by Plaintiff Scott Bilicki, Plaintiff Amy Bilicki has in the past and will in the future suffer mental anguish by witnessing the suffering endured by Plaintiff Scott Bilicki and she has been denied the care, protection consideration, companionship, aid to society, and comfort of her husband, all to her detriment.

## CAUSATION, INJURIES AND DAMAGES

35. As a direct result of the intentional and negligent acts of its employees, and the negligent acts of Genesis, and the above-described acts of Thomas Noonkesser, Plaintiff sustained serious injury, including but not limited to a collapsed lung, fractured nose, bruising and strangulation marks and injury to his neck, injuries to his leg, ribs, concussion, resulting in Plaintiff being hospitalized for three days.

**WHEREFORE,** Plaintiff prays for judgment against Defendants in an amount in excess of $50,000.00, together with interest from the date of injury, costs, disbursements, and such other and further relief as the Court may deem just and proper.

**MILAVETZ, LAW, P.A**

Dated: Feb 10, 2025

*[signature]*

Alan S. Milavetz, Esq., #0164677
Daniel E. Milavetz Esq., #0399760
Attorneys for Plaintiffs
1915 57th Avenue North
Brooklyn Center, MN 55430
Telephone: (763) 560-0000
Facsimile: (763) 566-0211
amilavetz@milavetzlaw.com
dmilavetz@milavetzlaw.com

## ACKNOWLEDGEMENT

The undersigned acknowledges that costs, disbursements and reasonable attorney and witness fees, may be awarded pursuant to Minnesota Statutes Section 549.211, Subdivision 2, to the party against whom the allegations in this pleading are asserted.

Dated: Feb 10, 2025

*[signature]*
Alan S. Milavetz, Esq., #0164677